difference three and a half million acre false start so the district court could reach in defining its relief the uh the subsequent rule that declaratory relief is available where it would as with all declaratory relief it would presently affect the party's rights or have a more than speculative effect chance of affecting them in the future why didn't you challenge the november rule or how do you elsewhere we have two suits pending right now that would provide us the relief that we're seeking in in some way or another and one one is this we believe because again the district court issued declaratory relief affecting our rights with respect to that subsequent rule that's based on the delay rules we also have a motion to enforce the settlement that led to the january 2021 rule a revision rule pending for the last year and a half in the district court so we could maybe we will sound like substantive challenges to the november rule well your honor a predicate of the november 2021 rule is that the lay rules challenge here prevented the prior administration's rule from challenging the november rule and make the illegality of the delay rules part of your challenge to the november rules your honor we would agree we can but union of concern scientists shows that we don't have that this court has jurisdiction that this case is not i mean maybe i'm not asking you to like reveal litigation strategy or anything but it's just not clear to me why you why you didn't or why you wouldn't so and also i think speaks to the capable repetition yet evading review if if you could do this then it by challenging the november rule then the it wouldn't be delay it wouldn't be evading review so two responses on that i think the predicate of your question shows that this case is not moved because the same issue is presented in subsequent again that's why union of concern scientists found that subsequent rule that on which that subsequent rule is based and that's why union of concern scientists this court said would squander judicial resources and the party's resources to have to trace the same issue again and challenging the subsequent rule and especially here where it took we challenged plaintiffs here many of the plaintiffs here challenged the prior 2012 rule and it took eight years to get to no decision at all get to a settlement the challenge to the subsequent november 2021 rule would be far larger far more complicated a much bigger administrative record and that record wouldn't even present specific issues raised here which we would again have to litigate in challenging that subsequent rule this court again in union of concern scientists said that it would make much more sense to challenge the rule that actually raises the issue that decides the issue here whether the prior administration's rule one didn't affect to revise the critical habitat area for subsequent rule that only depends on a prior rule so that's what we would do here i would and when you say the subsequent rule depends on the prior rule what are you you're talking about the effect of the delay rules or you're talking about something else the subsequent rule depends on the delay rules having valid validly prevented the prior administration's rule from taking so that that and what you mean by that is that the subsequent rule could have never come into being if what what exactly do you mean in the chain of custody we believe that to be true i think it's we think it's inherently arbitrary and capricious for the agency to say to the people of the pacific northwest that they're only helping that they're reducing environmental impact economic impact removing areas from critical habitat designation when in fact they were adding over three million acres and based on that predicate that the prior rule never took effect the agency did find that it had to take a shorter process to just when you say the prior rule never took effect you're not talking about the delay rules then we're talking about the january 2021 rule which we moved over three and a half about three and a half million acres in the critical habitat designation for and then the november 2021 rule placed assuming that it had never taken effect that's exactly the situation in nrdcb abraham for the subsequent for the delay there was a prior rule delay rules delayed the effective date that prior rule then the agency issued a subsequent rule that assumed that the prior rule had never taken effect what the second circuit found in that case was that the delay rules challenged the challenge delay rules remain live because the subsequent rule depended on this prior rule here january 2021 rule never having a taken effect never having changed critical habitat baseline here the northern spotted owl but yes the subsequent rule does depend on on the challenge the delay rules here on their validity so the district could issue relief that affects the subsequent rule that type of declaratory relief even injunctive relief is available where it would affect the party's rights where a subsequent agency action is based on an action that this court finds them off one more point on why we don't challenge subsequent rule i think the the respondents brief here shows that they will try to procedurally box us if we abandon this case they argued that the presumption of agency regularity means that when they issued that subsequent rule all that really mattered was that they reasonably believed that the prior rule was valid not that it was actually valid but that's yet another reason in addition to the fact that we've already briefed this district court ready for this was ready for decision for six or seven months more i think before the time the court dismissed cases after after the defendants here repeatedly invited the district court to not reach the merits of the case because quote events would soon overtake the challenge here i think the government is likely to say that the precedents you're relying on they had delay rules but but they also had substantive rule making in them as well so what's your response to that our response is that it's very substantive that the subsequent rule assumed that the critical habitat baseline on which the agency acted was three and a half million acres and maybe i'm misunderstanding their argument but i think it's it's not that the in the precedents the equivalent of the november rule had substantive rule making it's that the equivalent of the delay rules had substantive rule making in addition to the procedural delays so that that was not the case in nrdcb abraham it was that delay rules and it had a substantive effect but what was that issue was the delay itself which was issued without notice of comment that had substantive effect in that it set the baseline for the subsequent rule that's the same situation and you know the ocr parish school board under the supreme court the supreme court held that a challenge to a voting plan or districting plan for one election that had already occurred didn't become moot not because it would be the same plan for the next the next election in 10 years but because it set the baseline for that next election the plan that would be required then so it is your honor turning to the cable of repetition but abating review just briefly i'd like to point out take yeah sure take pictures a little bit and then we'll hear from the government we'll give you a little time for okay i'd just like to point out a couple things one thing and and that is that again the history of presidential freeze memorandum shows that this case is capable of repetition and affecting plaintiff's broad interests here which span federal forests we cite to the biden administration's uh freeze memorandum and and say that's part of that that line of evidence in fact the biden administration also delayed a rule issued by the prior administration under the migratory bird treaty act without notice in common effective immediately that affects plaintiff's rights here so the american forest resources council opposed that delay and supported the prior rule and opposed it placement it even affected northern spotted out the migratory bird treaty act rule that this administration so to say that this type of delay tactics not capable of repetition i think ignores the broad scope of of the plaintiff's interests here and the history of this type of play and when you say delay tactic which what what exactly you're talking about with the tactic the delay rules themselves or the legal question presented here i think fundamentally is whether an agency can prevent a prior administration's rules from taking to effect by issuing successive delays by issuing delay rules because they want to reconsider the rule and this court in cases like airlines houston and others have has held that you can't do that and i think just to to make this point an airline alliance used to be epa's 906 f3d 1049 um there this court vacated 20-month delay rule and it ruled that epa might not may not employ delay tactics to effectively repeal a final rule while sidestepping a statutorily mandated process for revising or repealing that rule on the mirror so what this agency has done is to package in several steps what it couldn't do in that case one and and get review in one longer delay and the records before the court i think this is this is even different than another case that are likely to present the same facts records before this case show that the agency planned from the outset a three-step delay delay replace process having drafted delay rules before within days by the administration then it proceeded to issue successive delays without notice and comment prevent that prior rule from going and so i think there is very much evidence of a manipulative intent okay when we hear from the when we hear from the government and we'll give you some time for rebuttal unless my colleagues okay thank you mr welty miss peppin hey please depart my name is john peppin on behalf of williams and hailing um this court has recently twice and has has for decades held that it is such a well-settled principle that when an agency action has superseded by another regulation that litigation over the legality of the original regulation becomes moot this is such a routine matter that these it's usually dealt with in an unpublished order i'm going to say that this case is an exception for the reasons that they maintain that the delay rules changed maximum change the status quo in such a way that the november rule depends on it and so it still has in their view continuing consequences we don't agree with them about that but that's not really a question for this lawsuit that's a question for a future lawsuit challenging the november rule and contrary to what mr welton suggested we do not argue we final agency action to which it is relevant if that action remains live but that's not the case here here even if you assume their position that the delay rule sorry that the november final in some way depends on the delay rule that would at most establish uh an injury uh that is traceable to the delay rules but we still don't have this addressability as it is and it's just a black letter fundamental constitutional that you must have injury in fact traceable to the defendant's action that is redressable by a judicial order at all stages of the controversy and without it the action must be dismissed no matter how judicially inefficient that may be that is a fundamental principle of separation of powers going back to the family did i did i hear you to did i hear you to say that in a future case if the november rule is challenged and the delay rules are challenged at the same time that that court could decide the legality of the delay rules yes they could decide it um because assuming plaintiff's theory that the delay rules are invalid sorry that the november rule is invalid unless the delay rules were effective they can certainly make that argument and a court could address that argument and decide the legality of the delay rules en route to that holding but you would you would argue that the november rule is valid regardless of the legality of the delay rules and you would probably tell the court therefore you can't decide the legality of the delay rules because it's irrelevant no no you would disagree with your argument on the merits but not that the court wouldn't have jurisdiction to consider it this sort of thing happens all the time for example when there's a challenge to a site-specific agency action that backs up to it that is backed up by a programmatic document um challenges to the programmatic document can be brought uh through the site-specific and this would be a similar situation where to the extent that they're challenged to the november rule depends on saying that the delay rules were ineffective they would be free to make that argument in an action where there was a live agency action but this is not that case anymore because the delay rules that are under challenge here have expired so there's no redressability even if why wouldn't that be the case in the in the subsequent hypothesized suit also um because it wouldn't be setting aside the delay rules it would be setting aside the november rule on the theory their theory which we oppose on the merits but don't say that they can't make it um that uh that basically unless the delay rules were effective the november rule falls that's their argument we don't agree with it but that's a merits argument but the november it's not before this court it's not relevant to the question of whether this challenged the delay rules um the abraham's case is a case in point um the difference between that case and this one and it's it's all the difference in the world is that in that case the court had the final substantive rule the equivalent of the november rule before it because the plaintiffs had challenged that as well and so the court did exactly what i'm saying this court could do in a future challenge it considered the legality of those delay rules as it affected final substantive rule which was before the court because the final substantive rule was before the court they had redressability in that case they could set aside final rule which they found in that case actually did defend that and on the delay rules because of an anti-backsliding provision of blood mr welty said that in that hypothetical case he would expect you to make an argument about presumption of regularity something along those lines um there of course is a presumption of regularity but plaintiffs are allowed to bring challenges to rebut that presumption and so they certainly can we've never said that they couldn't make this argument in a live case they can challenge the november rule they can make any arguments against this legality uh they wish because as long you know unless it gets superseded because the the fundamental rule is that when an agency action is superseded then litigation over the legality is moved putting aside the november rule what do you think are the chances that that this will recur um the chances of critical habitat someday being amended um is is reasonably likely and the chances of a delay rule well see now that's much more unlikely this happened every administration right um but not to critical habitat um yes there have been um i think four times in the last 30 years critical habitat has been amended but this is the only time that it happened kind of on the administration such that before it even went to an effect it was delayed and then replaced um but uh most of the time it doesn't happen with that precise timing and there's no reason to believe that that will occur now will there be other agencies that will publish any likelihood of some plaintiffs someday challenging one of these delays again is reasonably likely but that's not enough um to establish the capable of repetition yet evading review and i would quote this court from Planned Parenthood said in other words capable of repetition exception permits adjudication of an otherwise new case on the theory that it is capable of repetition the exception does not permit the adjudication of one otherwise new case in anticipation of a different live one the exception swept that broadly will be inconsistent with the constitution's requirements that fourth and article three the courts resolve only continuing controversies between the parties so the abstract issue of what they're calling a dawn delay of a midnight rule um may certainly recur but that's not enough to keep this case alive and also not enough to keep this case it does it does seem maybe strike me as uncomfortable is the right word or or odd imagine that you're right that the november rule is going to be valid even if the delay rules were illegal administration after administration could do illegal delay rules and so long as the substantive rule is still valid those delay rules illegality will never go unchecked ever well there's no reason to believe that all delay rules uh they'd review i'm not familiar with the last case mr welton cited but he did mention that there was a 20 month delay rule at issue in that case is you're not inherently evading review in this particular case the agency came out with the superseding final rule relatively quickly but that is by no means typically the case for critical habitat rules or for um nor is it true the delay rules are generally short i also want to respond to this argument that the fact that there were two delay rules uh suggests some kind of bad faith on the agency part that is the fact that there are two delay rules is a pure red herring it made no difference um the second delay rule didn't move the first one and we didn't argue that it did um it uh didn't move to dismiss on that grounds we moved to dismiss as moved after the november rule uh superseded the delay and the delay rules had expired by their own terms um so uh i'm not sure that the fact is this first delay rule was short in duration for a very good reason so that the agency could take notice and comment on whether to continue delaying it and whether to pursue a full rule making on um on the critical habitat rules and this is plain on the face of the rules and the idea um that the november rule was issued to end this litigation this is some manipulative ploy to get out of this delay rule litigation really makes no sense when you look at the big obviously the delay rules were there to enable the agency to reconsider or to consider whether to issue um but what changes to make to critical habitat and uh and it's not the other way around the final rule wasn't to serve the delay rules can i just ask um if the if there's a suit that's a challenge to the substantive bona fides of the november rule and in that suit there's a challenge to the validity of the delay rules and what you said earlier is that that challenge to the validity of the day delay rules would be resolved in the course of the challenge to the substantive validity of the november 2021 rule as long as the argument was being made that look because the delay rules were invalid the november 21 2021 rule would have never come into being but for the now we would say punitively invalid delay rules right and that would be like the abrams where the delay rules were adjudicated in the context of a challenge to the action that they allegedly and in that case in fact um where the invalidity of the delay rules did take down the final rule in that case because of the anti-backsliding uh provision in the substantive law so yes it can be adjudicated in a live controversy right and why why wouldn't a challenge to the november 2021 rule be a live controversy it would be i mean unless it's killed or something yeah right so i just i guess uh if to just in as a follow-up to judge walker's question so the question was if administration after administration is using delay rules and the delay rules are invalid then is there any way that those the invalidity of those delay rules will ever be adjudicated and would it not be in this kind in the kind of case that we just hypothesized uh well and perhaps it wasn't the answer i tried to get to that is there's nothing inherently evading review about the labels they aren't always short um there have been some cases where they've gone on for several years some delay rules suspend a deadline indefinitely these ones were short right so that would be then that would be that would mean that there would be a direct challenge to the delay rule itself before it expired um it's it it's quite possible that somebody could challenge the delay rule and litigate it to finality um moreover in this case they did move for a preliminary injunction and then didn't appeal the denial um so i know this court has held in in newdale and in faa versus armstrong that um that when that kind of kind of plaintiff requests preliminary injunctive relief in the district court and then does not appeal it that is also a reason for finding that it does not evade review but ultimately this case does not evade review because they didn't appeal the preliminary injunction because um the labels don't inevitably evade review they're not inevitably of short duration and finally because review is available in a challenge to the final november rule review of the delay rules is available sorry review of the delay rules well um available yes insofar as affect the validity of the november right um okay if they did not affect the validity of the november rule then the validity of the delay rule could not be challenged in a challenge to the november rule i'm sorry it was making it very hard so imagine a challenge to the november rule yeah and imagine that the validity of the november rule does not depend on the validity of the delay rules if that's the case then the validity of the delay rules could not be challenged in a challenge to the november rule no no i mean if it's not relevant to the issues the validity of the live agency action then and you say no no but you mean you're agreeing with the with what i said i hate to say i agree when it's not catching every word because of the echoes sorry um so sorry about that um but uh yes the issue can only be adjudicated in a case in which it is relevant to the validity of the action under review um so and can i just i'm i'm i'm just trying to understand um if the what does it mean that the delay rule validity is relevant to the validity of the ultimate rule suppose the argument is that the ultimate rule would have never come into being if the invalid delay rules hadn't been in place and they should have never been in place because they're procedurally invalid you know they were adopted without notice and comment or something like that and that's the that's asserted to be the relevance to the ultimate rule is that well the ultimate rule just wouldn't have come around is that relevant i mean is that the kind of relevance you're talking about these arguments the hypothetical arguments will have varying degrees of strength right in abraham it was very strong because the substantive statute said you can't um that the you know that the uh that the november rule depends on the number of acres of critical habitat that were already designated and what that number is depends on whether the uh but the january rule ever went into effect in litigation over the november 2021 rule will be the opportunity to for a court to decide whether that's correct whether it really does depend um and if the court thinks it does depend then it will have to decide whether the january rule went into effect but that's not an issue for this court um he uh you know so yes a very far-fetched rule about you know a long series of events that might never have happened might not be a relevant issue for a court to decide but um in this case i don't think there's any we certainly wouldn't argue that they no it does not well um we asked the court affirmed the district court's correct judgment thank you miss peppin mr waltz will give you two minutes for rebuttal thank you your honors and this argument here would render the continuing consequences ability this court has repeatedly held that we're an expired or superseded rule or action has continuing effects a challenge to that action is not moved i'd like to address to the fact well on that point there's shouldn't be any surprise that the delay rules have continuing effect because that's exactly what they were intended to do they were intended to prevent the prior rule from going into effect before the agency had time to replace it so that it didn't change the critical habitat designation for northern spotted owl when it subsequently acted i briefly addressed the argument under why doesn't that tell us just that the continuing effect continued until the final rule was issued why is that still a continuing effect it's a continuing effect because like in reno be both your parish school board and like and like an nrdc the epa the delay rules the prior rule had set the baseline for the subsequent action and it was a three and a half million acre difference we pointed out that's the size of connecticut it affects the party's rights it affects the obligations that the that the service had you're issuing that subsequent rule this rule is absolutely a live one presented by adverse parties for decision here and that's enough for the district court to at the very least issue declaratory relief that the prior administration's rule went into effect we can take that ticket into it just seems like that's an advisory opinion for the benefit of a challenge to the november rule it is not advisory because it decides a real issue that has a more than speculative chance affecting the party's rights it presently affects them it means that the foundation of the subsequent rule it i don't see how it does because it doesn't make you any better off the november rule would still be in effect until the november rule is challenged again i think that the district court could would have authority in finding a an agency action unlawful to affect and conjunctive relief and decide whether a agency action that is then taken based on that action do you think the district court could enjoin the november rule it could it well nrdc be abraham just to provide an example i think that that was a challenge to the final rule and the delay rule at the same time they were consolidated but what the court decided was that the delay rules were unlawful and it set them aside and it declared that that the prior administration's rule went into effect in a suit where the validity of the final rule was at issue maybe we have to go and and file another suit but that just goes to show again that the same issue is going to be presented here there is an ongoing position or policy right that the prior administration's rule didn't take that's presented by the parties here in a challenge to the rules that purport to have prevented the prior administration so it makes much more sense for a court to decide the validity of the delay rules in a challenge to the delay rule the fact that the next administration's that the next rule depends on those delay rules goes to show that the continuing and you know where a challenge to the november rule would be filed yeah i could have looked this up but would it be in our court or would it be in a different court it would it would be in district court and that's one thing that ddc ddc would be related i'm sure to the existing cases again it would take a very long time for it based on past practice for it to be decided whereas if we were get a declaratory relief on an issue that affects our rights now we could if necessary if the agency doesn't do the right thing as we put it as we see it at least file a subsequent suit you have you have no i think you have no precedent where there was a challenge to something other than the final rule you have no precedent when there's a challenge to a delay rule that did not include a challenge to the final rule and the relief afforded was an invalidation or injunction against the final we have cited it to precedent where a challenge to one rule affected the validity one substance of the subsequent but that was one substantive a subsequent rule and also a subsequent delay rule so nrdc the epa the court found that the challenge to the first delay rule meant that the subsequent delay rules which depended on the first delay rule were also invalid again this just goes to show that declaratory relief here is available because it would affect the party's rights there's a real dispute between adverse parties that continues in a subsequent action and continues in an ongoing position or policy that the prior administration's rule never took effect and just finally your honor i would like to point out in response to the argument under new dow and armstrong that this case is controlled by rawls which decided brief and not by those cases rawls presented a short-term delay like these evades review means evades review by the supreme court there is no way we got to the i motion which wasn't even decided on all right let me make sure there's no further questions thank you counsel thank you to both counsel we'll take this case under submission
judges: Srinivasan, Walker, Ginsburg